**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Gonzalez-Radiya,<br><br>   Petitioner,<br><br>vs.<br><br>United States of America,<br><br>   Respondent. | CASE NO. 06-CV-187-TUC-FRZ<br>04-CR-254-TUC-FRZ<br><br>**ORDER** |

Petitioner has filed a "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

### Background

Petitioner entered a plea of guilty to the Indictment, which charged him with entering and being found in the United States after having been denied admission, excluded, deported, and removed from the United States, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for

admission to the United States, in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2).

The Presentence Report calculated Petitioner as having a Total Offense Level 21 and a Criminal History Category V. The Court departed two levels pursuant to § 5K2.0 of the United States Sentencing Guidelines, based on the savings to the government. The Court imposed a sentence of fifty-seven months.

**Discussion**

In his motion, Petitioner seeks a reduction of his sentence. He contends that his right to equal protection is violated by the fact that deportable alien prisoners, unlike their United States citizen counterparts, are ineligible for a one-year sentence reduction for attending a drug treatment program during incarceration and for early release to a half-way house.

The Ninth Circuit Court of Appeals rejected Petitioner's argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999). In that case, the Ninth Circuit found that there was no equal protection violation and held that "excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." *Id.* at 1186.

**Conclusion**

Accordingly,

**IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #35 in CR-04-254-TUC-FRZ) is **DENIED** and this case (CV-06-187-TUC-FRZ) is **DISMISSED**.

1   **IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy
2  of the Motion and this Order on Respondent and **SHALL SERVE** a copy of this Order on
3  Petitioner.

5   DATED this 20th day of April, 2006.

FRANK R. ZAPATA
United States District Judge